UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

| | |
|---|---|
| DANTE DANIELS,<br><br>                                Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK, KENNETH GREENE, Individually, VINCENZO TRABOLSE, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                                Defendants. | **COMPLAINT**<br><br>Index No.:<br><br><u>Jury Trial Demanded</u> |

------------------------------------------------------------------------------X

       Plaintiff DANTE DANIELS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## **VENUE**

       4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff DANTE DANIELS is a twenty-three-year old African American man who resides in Staten Island, New York. Plaintiff suffers from cerebral palsy.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants KENNETH GREENE, VINCENZO TRABOLSE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On July 13, 2015, beginning at approximately 11:15 p.m., in front of 46 Roxbury Street, Staten Island, New York, defendant NYPD officers KENNETH GREENE and VINCENZO TRABOLSE stopped, detained, and questioned plaintiff.

13. During the encounter, one of the aforementioned defendant officers ordered plaintiff to put his hands behind his back.

14. Plaintiff, who suffers from cerebral palsy and is visibly disabled, responded that he cannot physically put his hands behind his back and requested to be front handcuffed.

15. The second defendant officer ignored plaintiff's request and disability and tried to force plaintiff's hands behind his back, and then unjustifiably punched plaintiff in the face.

16. The defendant officers continued to strike plaintiff in the head, and back, took plaintiff to the ground, forced plaintiff's hands behind his back, and rear handcuffed him causing him severe pain and discomfort, and otherwise discriminating against plaintiff based on his disability.

17. Additional NYPD officers arrived at the scene, one of whom is believed to hold the rank of sergeant, who condoned the misconduct of the aforementioned officers who beat plaintiff.

18. The defendant officers caused plaintiff to be transferred to Richmond University Medical Center in police custody, where he received treatment for the injuries KENNETH GREENE and VINCENZO TRABOLSE inflicted upon him.

19. Plaintiff remained in custody until his arraignment based on false information and statements defendants KENNETH GREENE and VINCENZO TRABOLSE conveyed to the

Richmond County District Attorney's Office, resulting in criminal charges of resisting arrest and obstruction of governmental administration being filed against plaintiff under Richmond County Criminal Court Docket No. 2015RI005111.

20. Defendants deprived plaintiff of his right to a fair trial by conveying and swearing to said false allegations.

21. Defendants JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

22. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

23. All of the aforementioned acts deprived plaintiff DANTE DANIELS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

24. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

26. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

27. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of falsification, use of excessive force, of lax investigations of police misconduct, of covering up abuse by fellow officers, and of discriminating against those with disabilities.

28. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse to avoid discipline for their unlawful conduct, and that the NYPD otherwise discriminates against those with handicaps and/or disabilities.

29. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department . . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y. 2009).

30. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW

YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

31. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

32. As a result of the foregoing, plaintiff DANTE DANIELS sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against Defendants Greene and TRABOLSE)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. The level of force employed by defendants KENNETH GREENE and VINCENZO TRABOLSE was excessive, objectively unreasonable and otherwise in violation of plaintiff DANTE DANIELS' constitutional rights.

35. As a result of the aforementioned conduct of defendants, plaintiff DANTE DANIELS was subjected to excessive force and sustained serious physical injuries and emotional distress.

36. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Violations of § 202 of the Rehabilitation Act and § 504 of the Rehabilitation Act Against the City of New York against Defendants Greene and TRABOLSE)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Plaintiff DANTE DANIELS qualifies as a person with a physical impairment that substantially limits one or more of the major life activities of such individual, or in the alternative as an individual with a record of such impairment.

39. The above-described conduct amounts to discrimination against plaintiff DANTE DANIELS that violates § 202 of the Americans with Disabilities Act, and § 504 of the Rehabilitation Act.

40. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendants Greene and TRABOLSE)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants KENNETH GREENE and VINCENZO TRABOLSE created false evidence against plaintiff DANTE DANIELS.

43. Defendants utilized this false evidence against plaintiff DANTE DANIELS in legal proceedings.

44. As a result of defendants' creation and use of false evidence, plaintiff DANTE DANIELS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

45. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 against John/Jane Doe Defendants)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants had an affirmative duty to intervene on behalf of plaintiff DANTE DANIELS, whose constitutional rights were being violated in their presence by other officers.

48. The defendants failed to intervene to prevent the unlawful conduct described herein.

49. As a result of the foregoing, plaintiff DANTE DANIELS was subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

50. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against John/Jane Doe Defendants)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals – including deploying the Taser when lesser and more reasonable means of force are available - and then covering up said acts by manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DANTE DANIELS' rights as described herein. As a result of the failure of the City

of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DANTE DANIELS.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DANTE DANIELS as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DANTE DANIELS as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DANTE DANIELS was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DANTE DANIELS' constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff DANTE DANIELS of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force;

    B. To be free from violations of the ADA and Rehabilitation Act;

  C. To receive a fair trial; and

  C. To be free from the failure to intervene.

63. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

66. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

68. Plaintiff has complied with all conditions precedent to maintaining the instant action.

69. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York against Defendants Greene, TRABOLSE, and City of New York)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. As a result of the foregoing, plaintiff DANTE DANIELS was placed in apprehension of imminent harmful and offensive bodily contact.

72. As a result of defendants KENNETH GREENE and VINCENZO TRABOLSE's conduct, plaintiff DANTE DANIELS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

73. Defendants KENNETH GREENE and VINCENZO TRABOLSE assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

74. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Battery under the laws of the State of New York against Defendants Greene, TRABOLSE, and City of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants KENNETH GREENE and VINCENZO TRABOLSE made offensive contact with plaintiff DANTE DANIELS without privilege or consent.

77. As a result of defendants KENNETH GREENE and VINCENZO TRABOLSE's conduct, plaintiff DANTE DANIELS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

78. Defendants KENNETH GREENE and VINCENZO TRABOLSE battered

plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

79. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted and battered and manufactured evidence against plaintiff DANTE DANIELS.

82. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

83. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered plaintiff, maliciously issued criminal process to plaintiff, and who deprived plaintiff of his right to a fair trial.

86. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against All Defendants)

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employees who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

89. Defendant City, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*.

90. As a result of the foregoing, plaintiff DANTE DANIELS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.\

**WHEREFORE**, plaintiff DANTE DANIELS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 28, 2016

                        BRETT H. KLEIN, ESQ., PLLC
                        Attorneys for Plaintiff DANTE DANIELS
                        305 Broadway, Suite 600
                        New York, New York 10007
                        (212) 335-0132

                        By:    /s/ Brett Klein
                               BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X

DANTE DANIELS,

                                                    Plaintiff,

       -against-

CITY OF NEW YORK, KENNETH GREENE, Individually, VINCENZO TRABOLSE, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                 Defendants.

------------------------------------------------------------------------------------X


**COMPLAINT**




**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132